# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

DANNY S. JIMMERSON, Register No. 46208, )
)
                        Plaintiff, )
)
                        v. )      No. 09-4124-CV-C-FJG
)
STATE OF MISSOURI, et al., )
)
                        Defendants. )

## ORDER

On December 15, 2009, United States Magistrate Judge William A. Knox recommended that plaintiff's motions for a temporary restraining order and preliminary injunction in which he alleges he is being denied necessary medical care be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on January 19 and February 8, 2010, and the responsive filings of defendants.

Plaintiff's generalized assertions, unsupported by the evidence presented at the hearing, that all treatment and diagnostic procedures at the prison are done at minimal cost and maximum profits, do not support a finding that his medical condition requires that a temporary restraining order or preliminary injunction be issued requiring his immediate transfer to an outside medical facility for further medical treatment and diagnostic testing. Moreover, plaintiff's objections focusing on extraneous arguments unrelated to the issue of whether his medical problems are being properly treated in his current setting within the Transitional Care Unit at South Central Correctional Center fail to support the issuance of a temporary restraining order or injunction.

Plaintiff's objection asserting his rights were violated because an inmate witness

was not called at the hearing to testify is without merit.[1]  At the request of plaintiff's counsel, the inmate witness was made available to testify at the December 15, 2009 hearing via telephone.  The inmate witness was not called to testify, however, because the court determined during the hearing that his testimony would be irrelevant to the issue of whether a temporary restraining order or preliminary injunction should be issued.  As conceded by plaintiff's counsel, the inmate witness' testimony did not relate to plaintiff's current or even recent medical condition, medical treatment or housing conditions; rather, the inmate witness could testify only regarding his concerns for plaintiff of approximately a year ago when plaintiff was his cellmate.  The inmate witness has not been housed with plaintiff since December 30, 2008, and is currently confined in a different correctional institution.  The inmate witness had no basis to testify regarding the relevant issue of whether plaintiff is currently being denied medical care such that he should be immediately transferred to an outside medical facility for further treatment and diagnostic testing.

      Plaintiff's assertion that the motions for a temporary restraining order and preliminary injunction include a demand for discovery documents from defendants is also without merit.  The issue of whether a temporary restraining order or injunction should be issued relates only to plaintiff's medical care, and not to discovery documents that plaintiff is seeking.  Moreover, as clearly indicated by defendants' filings and within this court's record, plaintiff's counsel has received plaintiff's entire medical record from 1973 through October 1, 2009, and has, additionally, even been given records he requested from the Missouri Department of Corrections that are not directly related to plaintiff's request for injunctive relief, including his housing assignment records and conduct violation and injury reports.  Plaintiff's continued assertion that he is entitled to full discovery on all his claims contained in his complaint is clearly premature at this stage in the proceedings.

      Plaintiff's assertion in his objections that he may have been previously assaulted by other inmates or abused by corrections staff prior to his being transferred to the Transitional Care Unit more than a year ago is irrelevant to the issue of a temporary

---

[1] Plaintiff's counsel has previously requested that this inmate witness' name be protected from disclosure, and therefore, this order will not identify him by name.

restraining order and injunction regarding plaintiff's current medical care. Moreover, because plaintiff is no longer housed where the alleged assaults or abuse occurred, this assertion does not support the issuance of a temporary restraining order or injunction, regardless of whether it is at issue in the motions for a temporary restraining order and injunction. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (injunctive claims are moot if plaintiff is no longer subject to those conditions).

Finally, plaintiff's request for a new hearing on his motion for temporary restraining order or preliminary injunction, alleging that he believes there were misrepresentations by defendants and defendants' legal counsel at the initial hearing, is without merit. Plaintiff's allegations of misrepresentation are not supported with any reasonable factual basis. Rather, these allegations appear made on the mere speculation of plaintiff's legal counsel, and do not warrant a new hearing.

The court finds the issues related to the medical care plaintiff is currently receiving, and whether a temporary restraining order or preliminary injunction is warranted, were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of December 11, 2010, is adopted. [33] It is further

ORDERED that plaintiff's motions for a temporary restraining order and preliminary injunction are denied. [5, 15]

    /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
Chief United States District Judge

Dated: March 11, 2010
Kansas City, Missouri