# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| DANNY S. JIMMERSON, Register No. 46208, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4124-CV-C-FJG |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On March 5, 2010, United States Magistrate Judge Matt J. Whitworth recommended granting defendants' motions to dismiss. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on March 22, 2010. The Magistrate Judge's basis for granting defendants' motions to dismiss is plaintiff's failure to make allegations of personal involvement by the named defendants, as required to support a claim under 42 U.S.C. § 1983. Plaintiff's exceptions do not cure or even address this basic deficiency of his complaint. Rather, plaintiff's exceptions continue with allegations of denial of medical care and physical abuse without setting forth allegations of how the named defendants were personally involved in these alleged constitutional violations. The fact that Correctional Medical Services (CMS) contracts to provide the medical care for prisoners of the Missouri Department of Corrections (MDOC), and that the State and named defendants Larry Crawford, and George Lombardi generally oversee the Missouri Department of Corrections are insufficient basis to impose liability in a section 1983 claim. See Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (general responsibility for supervising operations of prison insufficient to establish personal involvement required to support liability under section 1983). As set forth in the Report and Recommendation, a section 1983 claim cannot be based upon either respondeat superior or vicarious liability. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Section 1983 does not allow for supervisory liability absent

personal involvement or actual knowledge. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (when supervisory liability under section 1983 attaches). See also Wilson v. Toney, 294 Fed. Appx. 252, 253 (8th Cir. 2008) (unpublished). Neither plaintiff's complaint or his exceptions make allegations of personal involvement or actual knowledge by the named defendants in the alleged denial of medical care to plaintiff or plaintiff's suffering physical abuse.

Plaintiff's continued allegations that he needs additional discovery to support his claims at the motion to dismiss stage are without merit. Plaintiff need only make factual allegations, which, accepted as true, state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009). Further, the court notes that plaintiff has received extensive medical records from defendant Correctional Medical Services, as well as housing and other requested records from the Missouri Department of Corrections. The fact that plaintiff may not have all the discovery needed to support his case at the summary judgment stage is not relevant to the instant issues of the motions to dismiss.

Plaintiff's allegations that prison housing records submitted by defendants, plaintiff's recent 28 U.S.C. § 2254 filing, and cited mortality statistics for prisoners in Missouri support denial of defendants' motions to dismiss are also without merit. This information is not relevant to the issue of the sufficiency of the complaint in this case.

Plaintiff's exceptions arguing issues previously ruled by an order of the court, such as denial of preliminary injunctive relief and leave to amend, will not be addressed. These issues have already been properly resolved, and the court finds no basis to revisit them.

Plaintiff's argument that he is unable to properly respond to the Report and Recommendation of the Magistrate Judge, because he has been limited to a 15 page response is without merit. First, the Court notes that the order of the March 17, 2010 granted plaintiff 20 pages in which to submit any exceptions, not the 15 page limit cited by plaintiff's counsel. Second, the Report and Recommendation addresses motions to dismiss to which plaintiff has already had a full opportunity to respond with his suggestions in opposition. The Court finds no basis for plaintiff to file exceptions to the Magistrate Judge's Report and Recommendation in excess to 20 pages.

The issues raised in plaintiff's exceptions arguing for the denial of defendants' motions to dismiss, were adequately addressed in the Report and Recommendation. Plaintiff's counsel's

continued failure to sufficiently plead plaintiff's case leaves the court no alternative other than to grant defendants' motions to dismiss. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.[1]

IT IS, THEREFORE, ORDERED that the Report and Recommendation of March 5, 2010, is adopted. [61] It is further

ORDERED that defendants' motions to dismiss are granted and plaintiff's claims are dismissed for failure to state a claim upon which relief can be granted. [7, 10]

                    **/s/ Fernando J. Gaitan, Jr.**
                    FERNANDO J. GAITAN, JR.
                    Chief United States District Judge

Dated: 03/30/10
Kansas City, Missouri

---

[1] Plaintiff's counsel's request that the court delete the Magistrate Judge's reference of concern in the Report and Recommendation regarding plaintiff's counsel's ex parte contact with legal counsel for the Missouri Department of Corrections (MDOC), a represented party in this case, is denied. The Magistrate Judge's concern was not with plaintiff's counsel trying to obtain medical records from MDOC, but rather with plaintiff's counsel's statements about this case to Mr. Briesacher, legal counsel for MDOC, who is represented by the Attorney General's Office (AG) in this case. The affidavit of Mr. Briesacher states that plaintiff's counsel attempted to engage in settlement negotiations with him regarding this case, and made accusations of misconduct by the AG. Specifically the affidavit states that plaintiff's counsel told Mr. Briesacher that the AG was not producing documents as ordered by the court, had prevented an inmate witness from testifying, and may be involved in a conspiracy to change plaintiff's prison housing records. These discussions occurred without the presence or participation of counsel from the AG. These actions by plaintiff's counsel were properly noted by the Magistrate Judge as giving an appearance of impropriety.